United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANDELARIA BARAJAS,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, INC.,<br><br>Defendant. | Case No. 18-cv-00839-EJD (VKD)<br><br>**ORDER RE AUGUST 29, 2018 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 31 |

The parties ask the Court to resolve three unrelated discovery disputes:

1. Whether defendant may obtain discovery of plaintiff's medical records by subpoena to her physician;

2. Whether plaintiff may obtain discovery of the home addresses and telephone numbers of defendant's current employees who have been identified in defendant's Rule 26 initial disclosures; and

3. Whether the Court should enter a protective order that requires the parties to comply with defendant's preferred procedures for the disposition of privileged documents that are inadvertently produced during discovery.

The Court finds that these disputes may be decided on the papers without a hearing. Having considered the parties' submissions, the Court addresses each dispute separately below.

## I. BACKGROUND

In this action, Candelaria Barajas sues defendant Abbott Laboratories, Inc. ("Abbott") for gender discrimination, defamation of profession, breach of implied contract, and violation of the California Fair Pay Act. All of her claims arise under California state law. Dkt. No. 1-3, Ex. A. Abbott denies Ms. Barajas's allegations. *Id.*, Ex. B.

## II. DISCUSSION

### A. Discovery of Plaintiff's Medical Records

Abbott served a subpoena seeking all of Ms. Barajas's medical records from her physician Dr. Tatyana Borodulin. The subpoena is not limited to a specific period of time or to specific records for a particular treatment or condition. Dkt. No. 31, Ex. A. Ms. Barajas asks for an order barring discovery of any of her medical records. *Id*. at 1–2.

Abbott argues that Ms. Barajas has put her medical records at issue because her complaint includes a prayer for recovery of special damages and because she identified Dr. Borodulin as a health care provider with "knowledge of [plaintiff's] treatment for any mental health injuries caused by defendant, as alleged by [plaintiff's] claim for special damages." *Id.*, Ex. B (plaintiff's response to Interrogatory No. 1). Ms. Barajas has indicated that she "spoke with" Dr. Borodulin about "medical issues [plaintiff] thought were associated with the stress caused by her termination." *Id.* (plaintiff's responses to Interrogatories Nos. 2 and 4). Ms. Barajas argues that because her claim for special damages is limited to "garden variety" emotional distress, her confidential medical records are not relevant, are protected from disclosure under California law, and should not be disclosed to Abbott. Dkt. No. 31 at 2.

The Court may enter a protective order under Rule 26(c) to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. If the Court denies a motion for a protective order, in whole or in part, the Court may order the person to provide or permit the discovery at issue. Fed. R. Civ. P. 26(c)(2). The Court may also quash a subpoena if the subpoena requires "disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Mr. Barajas bears the burden of demonstrating that the discovery should not be permitted under Rule 26(c) or Rule 45(d)(3)(A)(iii).

California law protects from disclosure a patient's confidential medical records and the private communications between a patient and her physician. Cal. Evid. Code § 994; *see also* Cal. Const. art. I, § 1. The statutory and constitutional protections for medical records may be waived, however, where a particular physical or mental injury has been put at issue in litigation. *See Redfern v. Home Depot U.S.A., Inc.*, Case. No. 17-cv-01944, 2017 WL 5492360, at *2–3 (N.D.

Cal. Nov. 16, 2017) (collecting and summarizing authority). Here, the question is whether Ms. Barajas put her medical records, or any portion of them, at issue in this action by making a claim for special damages.

Ms. Barajas says she will stipulate that her claim for special damages is limited to "garden variety" emotional distress. Ms. Barajas also says that her "communication with her doctor was concerning whether the stress she experienced from termination was affecting her." Dkt. No. 31 at 2. The Court interprets Ms. Barajas's representations to mean that she does not seek damages for, and will not introduce evidence of, any diagnosis, symptoms, care, or treatment of a mental health condition caused by Abbott's conduct. In these circumstances, Ms. Barajas has not waived the confidentiality of her medical records, and Abbott may not obtain discovery of them from her physician.[1] *See Redfern*, 2017 WL 5492360, at *4; *Valiavacharska v. Celaya*, Case No. 10-cv-4847, 2011 WL 4479341, at *3 (N.D. Cal. Sept. 26, 2011).

**B.    Discovery of Defendant's Employees' Addresses and Telephone Numbers**

The parties agree that Ms. Barajas may contact Abbott's management employees only through counsel for Abbott. Dkt. No. 31 at 3 ("Plaintiff is satisfied with Defendant's offer to designate those management employees within its 'control group' for non-contact.").

Ms. Barajas moves to compel disclosure of the home addresses and telephone numbers of the *non-management* employees Abbott has identified in its Rule 26 initial disclosures as individuals likely to have discoverable information that Abbott may use to support its defenses. *Id.* Ms. Barajas states that she will not contact any non-management employees herself, and that such contact will be made only through her counsel. *Id.* Abbott objects that the non-management employees it has identified do not wish to disclose their home addresses and telephone numbers to Ms. Barajas, and that there is no reason for Ms. Barajas or her counsel to contact these employees at home rather than at work. *Id.* at 4.

Abbott states that it has already provided "access" to the identified non-management

---

[1] The subpoena to Dr. Borodulin is exceptionally broad. However, based on the parties' joint submission, the Court understands that Abbott's sole justification for seeking Ms. Barajas's medical records is her claim for special damages and her interrogatory answers, which relate only to "stress" or garden variety emotional distress.

3

employees "at work." Ms. Barajas does not dispute this characterization, nor does she suggest that the information Abbot has provided does not allow her to proceed with discovery of information known to these employees. In these circumstances, the Court denies Ms. Barajas's motion to compel disclosure of the employees' personal contact information. However, if the contact information Abbott has provided for these employees turns out to be insufficient for purposes of discovery, the Court will expect Abbott to provide their home addresses and telephone numbers to Ms. Barajas's counsel on a confidential basis.

### C. Protective Order Provisions for Inadvertent Production of Privileged Documents

The parties disagree about whether the Court should enter a protective order that includes procedures for the disposition of inadvertently produced privileged or work product material. Dkt. No. 31 at 5–7.

Federal Rule of Evidence 502 provides a framework for determining the consequences of a disclosure of a communication or information covered by the attorney-client privilege or work-product protection. With respect to the inadvertent disclosure of protected information, the rule provides that the protection is not waived if certain criteria are met:

> (b) Inadvertent Disclosure. When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
>   (1) the disclosure is inadvertent;
>   (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>   (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. Evid. 502(b). Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure addresses how the parties must proceed in the event of an inadvertent disclosure:

> (B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable

> steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B). The parties may also adopt additional procedures for handling inadvertently disclosed material. *See* Fed. R. Evid. 502(e).

Where a case involves the production of a large volume of documents, and particularly where the production includes electronically stored information, parties frequently adopt procedures for managing inadvertent disclosure of privileged or protected material. Indeed, this District's model protective orders contemplate that the parties may reach an agreement on such procedures and incorporate that agreement into a proposed protective order. *See* Model Protective Order for Standard Litigation, sec. 11.[2]

Abbott asserts that "[a]n agreement regarding the non-waiver of privilege and clawback following disclosure [of] privileged material is a right of parties to litigation that is frequently exercised by litigants and approved by courts." Dkt. No. 31 at 5–6. While Abbott is correct that parties frequently agree on procedures for managing inadvertent disclosure of privileged material, there is no "right" to such an agreement, and Abbott cites no authority for its assertion that such a right exists. In the absence of an agreement between the parties, the provisions of Rule 502(b) of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure govern the inadvertent disclosure of privileged and protected material.

Abbott is correct that attorneys practicing in California have an ethical duty to avoid reviewing or using obviously privileged or protected material received in discovery where it appears the material was produced inadvertently. This duty also requires a receiving party to notify the producing party of the apparently inadvertent production and attempt to resolve the situation by agreement or court order. *Rico v. Mitsubishi Motors,* 42 Cal. 4th 807, 817–18 (2007); *State Comp. Ins. Fund v. WPS Inc.*, 70 Cal. App. 4th 644, 656–57 (1999). This duty exists independently of any agreement between the parties.

Here, Abbott wants an agreement on the procedures the parties will use to handle the

---

[2] Available at https://cand.uscourts.gov/model-protective-orders.

disposition of inadvertently disclosed documents; Ms. Barajas does not. Abbott emphasizes that often parties *do* agree to such procedures, but does not explain why such procedures are necessary in this particular case, especially in view of the provisions of Rule 502(b) and Rule 26(b)(5)(B), and counsel's ethical duties. For these reasons, the Court denies Abbott's motion for entry of a protective order containing its proposed revisions to section 11 of the Model Protective Order for Standard Litigation.

## III. CONCLUSION

The Court resolves the parties' disputes as follows:

1. Ms. Barajas's motion for a protective order or to quash the subpoena to Dr. Borodulin for production of her medical records is granted, on the condition that Ms. Barajas claims only garden variety emotional distress and does not seek to introduce evidence of any diagnosis, symptoms, care, or treatment of a mental health condition caused by Abbott's conduct.

2. Ms. Barajas's motion to compel the disclosure of personal contact information for Abbott's non-management employees identified in Abbott's Rule 26 initial disclosures is denied.

3. Abbott's motion for entry of a protective order requiring specific procedures for the disposition of inadvertently disclosed privileged or protected material is denied. The parties are not relieved of their independent obligations to comply with Fed. R. Evid. 502(b), Fed. R. Civ. P. 26(b)(5)(B), and their ethical duties with respect to inadvertent disclosure of such material.

**IT IS SO ORDERED.**

Dated: September 6, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge