UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANDELARIA BARAJAS,<br><br>    Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, INC.,<br><br>    Defendant. | Case No. 18-cv-00839-EJD (VKD)<br><br>**ORDER RE NOVEMBER 6, 2018 JOINT DISCOVERY DISPUTE LETTER**<br><br>Re: Dkt. No. 41 |

Defendant Abbott Laboratories, Inc. ("Abbott") moves for an order compelling further deposition testimony of plaintiff Candelaria Barajas and prospectively instructing Ms. Barajas and her counsel regarding their conduct during deposition. Abbott also seeks monetary sanctions against Ms. Barajas for her and her counsel's prior conduct during deposition. Ms. Barajas opposes Abbott's motion for a further deposition, and objects that Abbott's sanctions motion is improper.

This matter is suitable for decision without a hearing. The Court denies Abbott's motion to compel a further deposition of Ms. Barajas and denies Abbott's motion for sanctions without prejudice.

## I. BACKGROUND

In this action, Ms. Barajas sues Abbott for gender discrimination, breach of implied contract, and violation of the California Fair Pay Act.[1] All of her claims arise under California state law. Dkt. No. 1-3, Ex. A.

Abbott took Ms. Barajas's deposition on October 3, 2018. According to Abbott, the

---

[1] The parties stipulated to the dismissal of Ms. Barajas's claim for defamation of profession. Dkt. No. 40.

deposition could not be completed in seven hours for four reasons. First, Abbott complains that Ms. Barajas gave "evasive and rambling non-responses" to Abbott's questions, and that Abbott is entitled to question her further. Second, Abbott says that Ms. Barajas's counsel improperly coached his witness by passing her a note during the deposition, making improper speaking objections, and speaking with her during breaks about how to testify without revealing the substance of the off-the-record coaching. Abbott says that counsel's misconduct prevented Abbott from completing a fair examination of Ms. Barajas in the seven hours allotted for her deposition. Third, Abbott says this matter is so complex that more than seven hours are required for Ms. Barajas's deposition, even had no misconduct occurred. Fourth, Abbott contends that Ms. Barajas should have produced certain documents before her deposition but did not, preventing Abbott from asking her about them during the October 3, 2018 deposition. Abbott asks for three hours of further deposition of Ms. Barajas.

Ms. Barajas opposes a further deposition on the ground that Abbott has not overcome the presumption that seven hours is sufficient. She disputes Abbott's contention that this case is complex or that Abbott is prejudiced by any late production of documents. Ms. Barajas faults Abbott for failing to support its claim that her testimony was "evasive and rambling," and while she does not deny that her counsel engaged in the conduct to which Abbott objects, she characterizes this conduct as "trivial," "de minimis," and "misstated."

## II. DISCUSSION

### A. Abbott's Motion for Further Deposition and Instructions

In support of its motion to compel a further deposition of Ms. Barajas, Abbott principally relies on Rule 30(d)(1) of the Federal Rules of Civil Procedure, which states that the Court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). A party seeking a court order to extend the examination must show "good cause" to justify such an order. *Pratt v. Archstone Willow Glen Apartments*, No. C 08-3588 JF (RS), 2009 WL 2032469, at *1 (N.D. Cal. July 10, 2009) (discussing examples of relevant considerations). The Court considers each of the arguments Abbott raises.

### 1. Evasive testimony

Abbott argues that Ms. Barajas's testimony was evasive, rambling, and non-responsive. Abbott identifies only one example of such testimony: Ms. Barajas's reply to the question, "Do you remember telling ER that you did do that, not as much with Penelope and Christine, because of the way they behaved to you when you approached them?" *See* Dkt. No. 41-1 at 227:2–232:2. The Court does not find Ms. Barajas's testimony evasive, rambling, or non-responsive. Rather, this deposition excerpt illustrates how a poorly worded question begets a response that includes information the questioner did not intend to ask about. The Court has reviewed all of the deposition excerpts attached as Exhibit A to the joint discovery dispute letter and discerns no other examples of testimony that might be deemed evasive, rambling, or non-responsive.

### 2. Coaching

Abbott also argues that Ms. Barajas's counsel improperly coached her to answer in a manner that interfered with Abbott's examination. First, Abbott says that counsel passed Ms. Barajas a note while she was testifying. Abbott acknowledges that Ms. Barajas's counsel turned over the note at the end of the deposition and cites it as an example of impermissible coaching, but neither Abbott nor Ms. Barajas reveals what the note said. From this record, the Court cannot determine whether counsel's note constituted improper coaching about the substance of Ms. Barajas's testimony or a proper privileged communication or something else entirely.

Second, Abbott complains that Ms. Barajas's counsel made improper speaking objections designed to influence her testimony. The deposition excerpts attached as Exhibit A to the joint discovery dispute letter reflect several occasions where Ms. Barajas's counsel commented on questions or interjected other remarks that went beyond simply stating the bases for his objections. These are the statements to which Abbott specifically objects:

- 15:7 ("The complaint is on file."); 15:10 ("If you understand the question—"); 15:12 ("—or unless you're speculating."); 15:18-19 ("Okay. We want what the complaint is pleading.")

- 29:11 ("That's all that we reviewed."); 29:13 ("I think that you're correct.")

- 129:15 ("Yes or no.")

3

- 152:3 ("You can answer the question, if you understand it.")

- 208:12 ("Those exact words.")

- 227:9 ("Who is 'they'?")

- 284:15 ("There's nothing about a personnel file."); 285:4-5 ("The scarlet letter doesn't refer to a personnel file.")

- 315:6-7 ("I think she's already answered this, and it's the same answer."); 315:10-12 ("It doesn't make a difference. It's confidential information. She already said it's not appropriate.")

Dkt. No. 41-1. The following exchange is representative of how counsel's objections impacted examination of the witness:

> Q. What do you want out of this lawsuit?
>
> [Plaintiff's Counsel.] Objection. Vague and ambiguous. The complaint is on file.
>
> Q. You can answer.
>
> [Plaintiff's Counsel.] If you understand the question—
>
> A. I don't understand the question.
>
> [Plaintiff's Counsel.] —or unless you're speculating.
>
> Q. What do you want out of this lawsuit?
>
> [Plaintiff's Counsel.] Objection. Vague and ambiguous. Could you be a little bit more specific?
>
> Q. No.
>
> [Plaintiff's Counsel.] Okay. We want what the complaint is pleading.
>
> Q. You're not here to testify, Mr. Baker. Your client is here to testify.
>
> A. Well, it is actually on my complaint, so—
>
> Q. So I'm here today to get your testimony and your best recollection.
>
> A. Uh-huh.
>
> Q. So just referring me to a document is not giving me your best testimony.
>
> [Plaintiff's Counsel.] Ask a specific question.
>
> Q. Please don't interrupt me, Mr. Baker.

| | |
|---|---|
| Q. | So as you sit here today, can you tell me anything that you want out of your lawsuit? |
| A. | If you could be specific I could. |
| Q. | Do you want money? |
| A. | Compensation, yes. |
| Q. | For what? |
| A. | Damages, wages lost. |
| Q. | How much money do you want? |
| A. | I wouldn't be able to tell you that. |
| Q. | As you sit here today, you can't tell me how much money you want from your lawsuit? |
| A. | It— it—I would estimate that to be whatever wages I've lost within the last, you know, almost two years, plus damages. |
| Q. | What other damages? |
| A. | For pain and anguish and stress and anxiety and everything else. |
| Q. | Other than money, do you want anything else out of this lawsuit? |

[Plaintiff's Counsel.] She just said stress and anxiety.

Dkt. No. 41-1 at 15:6–17:3. Here, Abbott's counsel asks an ambiguous question (or at least one that a lay witness might have difficulty answering) that seeks not facts, but a statement of the relief Ms. Barajas seeks in the case, and her counsel jumps in to clarify what his client "wants" from the lawsuit, instead of objecting to the propriety of the question.

The Court has reviewed the other examples of improper speaking objections to which Abbott objects. Ms. Barajas's counsel's comments and remarks were argumentative and suggestive, and therefore improper. However, the Court is not persuaded that counsel's behavior unduly prolonged the deposition, or that it caused Ms. Barajas to shade her testimony or avoid answering proper questions. Abbott has not shown that counsel's speaking objections prevented it from obtaining fair answers to any specific, unobjectionable questions or line of questioning, or that it suffered prejudice that could be further remedied by a further deposition.

During the deposition, Ms. Barajas's counsel also made a number of extended objections and engaged in colloquy with Abbott's counsel. These discussions between counsel do not constitute improper coaching. For example, Ms. Barajas's counsel objected to disclosure of his client's current employment when Abbot refused to treat the information as confidential under the protective order, and the parties discussed that matter at length on the record. *See* Dkt. No. 41-1 at 19:6–25:11. While counsel's discussion of the protective order dispute need not have taken place entirely on the record, Ms. Barajas's counsel did not act improperly by objecting and stating his intent to seek a protective order before disclosing information Ms. Barajas believes warrants protection.[2] *See, e.g.*, *In re Omeprazole Patent Litigation,* 227 F.R.D. 227, 230 (S.D.N.Y. 2005) ("[I]f the plaintiff's attorney believed that the examination was being conducted in bad faith . . . or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied immediately to the ex parte judge for a ruling on the questions, or for a protective order, pursuant to Rule 30(d).") (citation omitted).

Third, Abbott argues that Ms. Barajas and her counsel took frequent breaks and that improper coaching took place during these breaks. Abbott cites two examples of such coaching breaks. In the first example, Abbott's counsel asked Ms. Barajas to confirm that she cannot remember the names of the male managers who were similarly situated. Ms. Barajas replied that she does not know. Ms. Barajas's counsel then requested a break to talk to his client. When Ms. Barajas returned, Abbott's counsel asked whether she had anything to add to her last answer, and Ms. Barajas replied that she did. Abbott's counsel asked what she and her attorney talked about during the break, and Ms. Barajas's counsel instructed her not to answer. Eventually, Abbott's counsel asked her what she wanted to add, and she provided the testimony. *See* Dkt. No. 41-1 at 44:23–45:3.

In the second example, Abbott's counsel asked Ms. Barajas when she learned about certain complaints that had been made against her. She responded. Her counsel apparently thought her answer was incorrect and took a break to confer with his client. When she returned, Ms. Barajas

---

[2] The Court does not comment on the merits of this protective order dispute.

6

gave what appears to be the same answer again. In addition, she and her attorney confirmed that her recollection was refreshed during the break. *See id.* at 77:4–78:12.

It is improper for a witness and her attorney to discuss the substance of her testimony during breaks in a deposition, except where necessary to address matters of privilege. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No 14-cv-2058-SC, 2015 WL 12942210, at *3 (N.D. Cal. May 29, 2015) ("Courts have ruled that once a deposition begins, counsel should not confer with the witness except to determine whether a privilege should be asserted."); *In re Stratosphere Corp.*, 182 F.R.D. 614, 621 (D. Nev. 1998). If Ms. Barajas's counsel felt his client's recollection needed refreshing or her testimony required clarification, he should have questioned her himself on the record at the conclusion of the deposition. *See, e.g.*, Beverley R. O'Connell & Karen L. Stevenson, Rutter Group Prac. Guide: Federal Civ. Proc. Before Trial (Nat'l Ed.) Ch. 11(IV)-A at 11:1544, 11:1549-11:1550 (2018). Counsel's coaching breaks were absolutely improper here. The question for the Court is whether a further deposition is warranted so that Abbott's counsel may learn what was said during the breaks and how those communications may have influenced the witness's testimony. The Court considers the two coaching breaks to which Abbott objects.

A further deposition appears unnecessary with respect to the second coaching break example, as Ms. Barajas did not change her answer after communicating with counsel, and she admitted on the record that she conferred with her attorney about her testimony during a break. The first coaching break example is more problematic, as Ms. Barajas's testimony appears to have been influenced by her conference with counsel during the break, and counsel instructed her not to answer questions about what was said during the conference. Ms. Barajas does not suggest that the purpose of the conference was to discuss matters of privilege, nor does she defend the conduct on any other ground. On the other hand, immediately before the disputed exchange in the first example, Abbott's counsel *expressly invites* Ms. Barajas's counsel to talk to his client on a break: "Counsel, it's really not appropriate for you testifying or telling your client how to testify in this deposition. *If you need to talk to your client, you can take a break and do that*." Dkt. No. 41-1 at 44:5-9 (emphasis added). While improper deposition conduct is not excused simply because one's adversary has invited that conduct, the Court is reluctant to allow Abbott further deposition time to

7

remedy conduct it appeared to condone at the time it occurred.  More importantly, Abbott does not clearly identify the subject matter implicated by the improper break.  The question and answer that precede the break are:

> Q. And earlier, you told me you couldn't remember any of the names of the male managers, correct?
>
> A. I don't know.

*Id.* at 44:23-25.  But the clarifying testimony Ms. Barajas attempts to offer after the break appears to refer to something else, possibly a portion of her complaint.  *Id.* at 47:9-25 ("A.  So on line 14 for page, 3, so [. . .].").  Because Abbott has not identified any specific questions or line of questioning that it believes it could not fairly pursue because of improper communications occurring on a break Abbott's counsel invited Ms. Barajas's counsel to take, the Court finds that Abbott has not established good cause for a further deposition based on improper coaching during a break.  *See Pratt*, 2009 WL 2032469, at *1.

### 3. Complexity of the matter

Abbott contends that this matter is so complex that, independent of any misconduct during the deposition, it requires three more hours for the examination of Ms. Barajas.  Abbott points to the fact that Ms. Barajas asserts two distinct theories of liability—wrongful termination and discrimination in compensation—as justification for the additional time.

The fact that Ms. Barajas's claims involve two theories of liability, standing alone, does not compel a finding that the case is so complex that the presumptive time limit on individual depositions should not apply to Ms. Barajas' deposition.  *Compare* Dkt. No. 18 at 4–5 ("Defendant believes that a ten-hour deposition of Plaintiff would be appropriate given the multiple causes of actions and theories of liability asserted in Plaintiff's Complaint.") *with* Dkt. No. 20 (ordering the parties to comply with the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure).  More importantly, Abbott does not identify any subject matter that it did not have the opportunity to cover.  It is not enough for Abbott to simply assert that it requires more time.  *Steshenko v. McKay*, 09-CV-05543-RS (PSG), 2012 WL 13054713, at *2 (N.D. Cal. June 22, 2012) (denying request for additional time to depose plaintiff because "[a]side

8

from merely speculating that more time beyond seven hours is needed to examine Steshenko, no specific grounds to justify a longer deposition have been provided"); *Somerset Studios, LLC v. School Specialty, Inc.*, No. C 10–5527 MEJ, 2011 WL 4344596, at *8 (N.D. Cal. Sept. 14, 2011) (rejecting request to double deposition time based in part on "the complexity of the issues and the sheer number of documents that need to be reviewed").

### 4. Delayed document production

Abbott says that it should be permitted more deposition time because Ms. Barajas did not timely produce documents in advance of her deposition. This argument is not well-developed. Abbott refers to one category of documents—"applications Plaintiff submitted to employers after her employment with Defendant"—and cites to a portion of the deposition transcript that is not before the Court. *See* Dkt. No. 41 at 7 (citing 326:19-327:6).

Abbott does not explain what testimony it sought to obtain with respect to these applications, or how such testimony is relevant to a claim or defense in this case. Abbott also does not explain why it proceeded with Ms. Barajas's deposition without first moving to compel production of responsive documents it believed were necessary for a fair examination of Ms. Barajas. A request for further deposition time requires a showing that Abbott's examination of Ms. Barajas was frustrated because it was required to proceed with her deposition without the applications in hand. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. C 11-1846 LHK (PSG), 2012 WL 1511901, at *12 (N.D. Cal. Jan. 27, 2012) (granting request for additional deposition time with witness based on defendant's receipt of extensive design-related discovery after witness's deposition already took place and based on the fact that witness had unique first-hand knowledge that other witnesses did not). Abbott has not made this showing.

### B. Abbott's Motion for Sanctions

The discovery dispute resolution procedure set forth in the Court's Standing Order for Civil Cases may not be used for motions for sanctions. *See* Standing Order for Civil Cases at 4 ("<u>Motions for sanctions</u>. Any party seeking an award of attorney fees or other form of sanction under Fed. R. Civ. P. 37 may not use the expedited joint discovery letter procedure described above, but instead must file a motion conforming to the requirements of Civil L.R. 37-4.").

9

Abbott's request for monetary sanctions does not comply with the requirements of the local rules. For this reason, the Court denies the motion without prejudice.

## III. CONCLUSION

Ms. Barajas's counsel engaged in some deposition conduct that was improper. However, Abbott has not shown that it was prevented by such improper conduct from obtaining testimony to which it otherwise would have been entitled. Nor has Abbott shown that the case is so complex that three additional hours of deposition time is necessary for a fair examination of Ms. Barajas, or that a delay in document production requires additional deposition time.

Accordingly, the Court denies Abbott's motion to compel a further deposition of Ms. Barajas. The Court also denies Abbott's motion for sanctions without prejudice.

**IT IS SO ORDERED.**

Dated: November 29, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge